UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRYAN CLAYTON ROBERTS** | **CIVIL ACTION NO. 13-2834-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY W. GOODWIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

Bryan Clayton Roberts ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Jerry Goodwin, Lonnie Nail, Mark Hunter, Ron Rawson, George Savage, James M. LeBlanc, and Chris Evans. Plaintiff claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana.

Plaintiff filed a motion for temporary restraining order and preliminary injunction (Doc. 16). He claims the prison officials at David Wade Correctional Center verbally threatened and sexually harassed him, used excessive force against him, and retaliated against him. He also claims they violated his due process and equal protection rights. He claims he was subjected to unreasonable searches and seizures and his property was destroyed because he filed grievances and legal actions. As relief, Plaintiff seeks to be transferred to another facility.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that

> immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. In fact, he is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. Thus, his injunction claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 16) be **DENIED** as moot. **IT IS FURTHER RECOMMENDED** that the Motion to Show Cause (Doc. 15) be **DENIED** as premature. Plaintiff's complaint is undergoing further review.

**OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 4th day of March, 2015.

Mark L. Hornsby
U.S. Magistrate Judge