# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| BRYAN CLAYTON ROBERTS | CIVIL ACTION NO. 13-2834 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| JERRY W. GOODWIN, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is the Magistrate Judge's Report and Recommendation. [Record Document 29]. As of his last filing, Plaintiff had been held in disciplinary detention extended lockdown at David Wade Correctional Center ("David Wade") for over four years. [Record Document 20]. Plaintiff has since been transferred to the Louisiana State Penitentiary. Because Plaintiff was no longer being held in disciplinary detention extended lockdown at David Wade, the Court dismissed Plaintiff's claims for injunctive relief. [Record Document 28]. Thus, the only claims remaining before the Court are Plaintiff's claims for compensatory relief related to his past confinement at David Wade.

After an independent review of the record, this Court accepts in part the Magistrate's findings. The Court accepts the Magistrate's findings with regard to Plaintiff's claims that he was denied access to programming and to the law library and limited in the number of books he was allowed to have in his cell. The Court also accepts the Magistrate's findings with regard to Plaintiff's initial placement in disciplinary detention extended lockdown. The Court rejects the Magistrate's findings regarding Plaintiff's due process and Eighth Amendment claims as the findings relate to Plaintiff's continued confinement in disciplinary detention extended lockdown and the lack of opportunity to exercise; the Court instructs Plaintiff to submit the additional information requested

by the Court. Finally, although the Report and Recommendation did not address them, the Court dismisses Plaintiff's Eighth Amendment claim regarding his being required to wear restraints outside of his cell as well as his retaliation claim.

## Due Process Claim

Plaintiff was confined in disciplinary detention extended lockdown for over four years. Because prison regulations require that prisoners in disciplinary detention extended lockdown have their placement reviewed every 90 days and because he was not present at the hearings where this review occurred, Plaintiff alleges that David Wade officials violated his due process rights. [Record Document 2-1].[1] A restrictive placement such as Plaintiff's requires the provision of due process when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Following this line of reasoning, the Fifth Circuit has concluded that restrictive placements of less than two-and-a-half years do not implicate due process and that placements of more than five years likely do. *Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014); *Bailey v. Fisher*, 647 F. App'x 472, 476–77 (5th Cir. 2016). The Fifth Circuit has also concluded that a court must consider both "the nature of the more restrictive confinement *and* its duration in relation to the prison norms and to the terms of the individual's sentence." *Wilkerson*, 774 F.3d at 853 (quoting *Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008)). Potentially indefinite placements heighten due process concerns. *Id.* at 855.

Plaintiff's four year confinement in disciplinary detention extended lockdown was potentially

---

[1] To the extent that Plaintiff alleges that his initial placement in extended lockdown following his escape violated the Due Process Clause, this claim is frivolous. *See Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Woods v. Edwards*, 51 F.3d 577, 581–82 (5th Cir. 1995))

indefinite. [Record Documents 5-2 at 4 and 20 at 5]. While in disciplinary detention extended lockdown, Plaintiff alleges that he had very limited opportunity for out-of-cell exercise, that he had limited access to books and the prison library, that he had the opportunity to use the telephone only once a month, and that he had no opportunity to work. [Record Document 20 at 4–5]. Taking these allegations as true, the Court finds that the combination of the conditions alleged and their potentially indefinite duration states a claim that prison officials were required to provide Plaintiff with procedural due process.

The Supreme Court has held that informal, nonadversarial reviews of placement in restrictive confinement are sufficient, provided that the prisoner has advance notice of the review and an opportunity to submit information for the reviewers' consideration. *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005) (citing *Hewitt v. Helms*, 459 U.S. 460 (1983); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1 (1979)). Hence, a prisoner has no automatic right to a personal appearance at the review. *Hewitt*, 459 U.S. at 476 (noting that "[o]rdinarily a written statement by the inmate" will satisfy the requirements of due process). Plaintiff's filings indicate that periodic reviews occurred and that the results were delivered to him in his cell. [Record Documents 5-2 at 5, 15–19]. However, the record is silent on whether Plaintiff received the required advance notice and an opportunity to submit information to challenge his placement. Therefore, Plaintiff has failed to state a claim on which relief can be granted, but is instructed to submit additional information to the Court.

**Eighth Amendment Claims**

Plaintiff alleges that his Eighth Amendment rights were violated because he was denied adequate opportunity to exercise, he was confined in disciplinary detention extended lockdown for

four years, he was restrained whenever he left his cell, he was denied access to programming and to the law library, and he was not allowed to have more than three books in his cell. To establish that his Eighth Amendment rights have been violated, a prisoner must show that the conditions of his confinement are "sufficiently serious" and that the defendant has acted with "deliberate indifference" in the face of knowledge of a "substantial risk of serious harm" to the prisoner. *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994)).

Thus, to be cognizable under the Eighth Amendment, a denial of exercise must expose a prisoner to "substantial risk of serious harm" to which prison officials can be found to have been deliberately indifferent. *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008). Plaintiff alleged that only being allowed to exercise outside of his cell for one hour per week caused "extreme stress and daily tension resulting in physical deterioration [and] hypertension." [Record Documents 5-1 at 3 and 20 at 4–5]. While the Fifth Circuit has held that a lack of outdoor exercise opportunities may be actionable under the Eighth Amendment, *Hewitt v. Henderson*, 271 F. App'x 426, 428 (5th Cir. 2008) (citing *Green v. Ferrell*, 801 F.2d 765, 771–72 (5th Cir. 1986); *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *modified*, 688 F.2d 266 (5th Cir. 1982)), it has also granted summary judgment when a prisoner merely stated that a thirteen-month denial of all out-of-cell exercise opportunities caused "muscle atrophy, stiffness, loss of range of motion, and depression," *Hernandez*, 522 F.3d at 561; *see also Moore v. Cain*, Civ. No. 15-0812, 2017 WL 3492331, at *5 (M.D. La. July 25, 2017) (recommending dismissal of a claim that segregation without opportunity to exercise caused "stiffness, ach[es], and pain"). Therefore, while Plaintiff's complaint as to this issue is not frivolous, he has failed to allege facts with sufficient specificity in order to survive dismissal and is instructed to submit additional information to the Court.

Construing Plaintiff's *pro se* complaint liberally, he has also alleged that his confinement in disciplinary detention extended lockdown for more than four years violated the Eighth Amendment. Social interaction and environmental stimulation are likely "basic psychological human needs." *Wilkerson v. Stalder*, 638 F. Supp. 2d 654, 678 (M.D. La. 2007). While the Fifth Circuit has affirmed that short stays in segregated environments are not unconstitutional, *see Carter v. Hubert*, 452 F. App'x 477, 478 (5th Cir. 2011) (finding that a 26-day restrictive cell placement did not state a claim of an Eighth Amendment violation), Plaintiff's confinement lasted over four years. As discussed above, the length of his confinement in extended lockdown may trigger due process protections. It is thus possible that his confinement may be cognizable under the Eighth Amendment as well. Nevertheless, Plaintiff has not alleged any specific deprivation of human contact other than a lack of contact visits with his family. [Record Document 20 at 5]. As a result, Plaintiff has failed to state a claim on which relief can be granted and is instructed to submit additional information to the Court.

Plaintiff has complained that he was restrained every time he left his cell. [Record Document 20 at 5]. In the absence of specific allegations of injuries caused by the restraints, Plaintiff has failed to state a claim on which relief can be granted. *See Ruiz v. LeBlanc*, 643 F. App'x 358, 362–63 (5th Cir. 2016).

Finally, the Court determines that the Magistrate Judge's findings regarding Plaintiff's claims that he was denied access to programming, access to the law library, and limitations on the number of books that he may possess are correct under the applicable law and are frivolous under 28 U.S.C. § 1915(e).

## Retaliation

Plaintiff alleges that prison officials retaliated against him for filing the instant suit by subjecting him to cell searches, placing false evidence in his cell, and destroying documents in his possession. [Record Document 16 at 3].[2] A retaliation claim requires a prisoner to "establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998)). The retaliatory act must be such that it would deter an ordinary person from asserting his rights. *Id.* at 686. Plaintiff's cell was searched in February 2013 and again in January 2014; both searches discovered contraband. [Record Document 14-2 at 1–2]. Being subjected to two cell searches a year apart would not deter an ordinary prisoner from asserting his rights. Similarly, while Plaintiff specifically alleges that guards destroyed records related to his criminal case, [Record Document 16-2 at 4–5], he does not allege how that destruction affected his case. Likewise, he has not plausibly alleged that any destruction of his property accompanying the searches was done with retaliatory intent. Therefore, Plaintiff has not alleged this claim with the requisite degree of specificity and so fails to state a claim.

In light of the foregoing, having conducted an independent review of the record under the applicable law and noting the lack of written objections filed by Plaintiff,

**IT IS ORDERED** that Plaintiff's claims regarding his being restrained when he left his cell and retaliation by prison officials be and hereby are **DISMISSED WITH PREJUDICE** under 28

---

[2] To the extent that Plaintiff alleges that his confinement in disciplinary detention extended lockdown is in "retaliation" for his earlier escape from Forcht-Wade Correctional Center, the complaint is frivolous. [Record Document 2-1 at 2].

6

U.S.C. § 1915(e) for failing to state a claim on which relief can be granted.

The Court **ADOPTS in part** the Magistrate's Report and Recommendation [Record Document 29] regarding Plaintiff's claims that he was denied access to programming and to the law library, that he was limited in the number of books that he could possess in his cell, and that his initial placement in disciplinary detention extended lockdown violated due process.

**IT IS ORDERED** that Plaintiff's claims regarding his initial placement in disciplinary detention extended lockdown, denial of access to programming and to the law library, and limitations on the number of books that he may possess be and hereby are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

The Court **REJECTS** the Magistrate's Report and Recommendation regarding Plaintiff's claims that his continued confinement in disciplinary detention extended lockdown violated his due process and Eighth Amendment rights. The Court **FURTHER REJECTS** the Magistrate's Report and Recommendation regarding Plaintiff's claim that he was denied adequate opportunity to exercise.

**THE CLERK IS DIRECTED** to serve by mail a copy of this judgment upon Plaintiff who must then furnish to the Clerk of Court in Shreveport, Louisiana, by December 1, 2017, answers in numbered paragraphs to the following questions:

(1) What notice Plaintiff received that the 90-day hearings regarding his status were to be held and whether he had an opportunity to submit material for prison officials to consider;

(2) What specific injuries Plaintiff suffered as a result of his alleged lack of opportunity to exercise;

(3) What degree of contact Plaintiff had with other people inside and outside the prison while

in disciplinary detention extended lockdown.

Plaintiff shall answer only these questions asked by the Court. The answers must be signed by Plaintiff in accordance with Rule 11 of the Federal Rules of Civil Procedure.

The Clerk will not issue summons until Plaintiff's answers are evaluated by the Court. Failure to file answers to the foregoing questions by December 1, 2017 will result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 29th day of September, 2017.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE